UNION LAND CO., A. H. STANGE CO., KINZEL LUMBER CO., E. W. ELLIS LUMBER CO., PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16428. Promulgated April 15, 1929.

*W. W. Spalding, Esq.*, for the petitioners.
*Eugene Meacham, Esq.*, for the respondent.

4

OPINION.

VAN FOSSAN: The issue relating to the affiliation of the Mount Emily Timber Co. has been settled by the stipulation of the parties that the Mount Emily Timber Co. was affiliated with the petitioners during the year 1919 and that, therefore, the net income and invested capital of the Mount Emily Timber Co. should be included in the consolidated net income and consolidated invested capital of the petitioner companies.

The third issue was withdrawn by the petitioners at the hearing.

There remains for determination only the question as to whether or not the debenture bonds issued by the Union Land Co. and the Kinzel Lumber Co. outstanding during 1919, and amounting to $3,010,000, represented borrowed capital.

This identical question and the same parties were before the Board for one of the previous years in *Appeal of A. H. Stange Co. and Kinzel Lumber Co.*, 1 B. T. A. 58. The effect of the holding in that case was that the evidence did not overcome the presumption that the securities in question represented borrowed capital.

The petitioners claim that the above decision of the Board is not controlling for the reason that in that appeal the Board did not have before it all of the material facts which are set forth in the stipulation in the present case. They further assert that the quesions of law raised in the present appeal were not considered or decided by the Board in its previous decision.

Careful consideration of the stipulated facts in this case leads us to the same conclusion announced in the previous case. Counsel's attempt to differentiate the two proceedings is not convincing nor are the cases cited found to be controlling. To adopt petitioners' interpretation of the transaction would require a strained and unreasonable construction.

We are of the opinion that the debenture bonds, amounting to $3,010,000, outstanding in 1919, represented borrowed capital of the petitioners and that the action of the respondent in eliminating this amount from consolidated invested capital was proper.

*Judgment will be entered under Rule 50.*